1  HOWARD S FREDMAN (State Bar No. 046249)
   Email: hsflawyer@aol.com
2  FREDMAN LIEBERMAN PEARL LLP
   1875 Century Park East, Suite 2230
3  Los Angeles, CA 90067-2522
   Tel: (310) 226-6796; Fax: (310) 226-6797
4

5  Attorneys for Plaintiff
   KUNSHAN CAPACI TRADING COMPANY
6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNSHAN CAPACI TRADING COMPANY, a Chinese Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>RADII FOOTWEAR INCORPORATED, a California corporation, and DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO.: 8:16-cv-2236-JLS (DFMx)<br><br>**TEMPORARY PROTECTIVE ORDER**<br><br>Hearing before Hon. Douglas F. McCormick:<br><br>Date: Tuesday, February 28, 2017<br>Time: 10:00 a.m.<br>Place: Reagan Fed. Bldg. & U.S. Courthouse, Courtroom 6B, 6th Floor<br>411 W. Fourth St., Santa Ana, CA 92701 |

1. The court has considered the application of Plaintiff KUNSHAN CAPACI TRADING COMPANY for a right to attach order, order for issuance of writ of attachment pursuant to California Code Civ. Proc. §484.010 *et seq.* and for a temporary protective order.

2. THE COURT FINDS:

   a. Defendant RADII FOOTWEAR INCORPORATED is a corporation.

   b. The amount to be secured by the attachment under the application for a right to attach order is $314,439.31.

  c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under California Code Civ. Proc. §483.010.

  d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.

  e. The order is not sought for a purpose other than the recovery upon the claim upon which the application for the attachment is based.

  f. Great or irreparable injury to the plaintiff will result if this order is not issued, based on the following: Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in California Code Civ. Pro. §485.010(b)(2).

  g. The requirements of California Code Civ. Proc. §485.220 are satisfied, and a temporary protective order should issue.

  h. Plaintiff must file an undertaking in the amount of $_____ before a temporary protective order will issue and shall file an undertaking in that amount within five days from the date of this Order.

  i. The property subject to the following order is: all real and personal property of Defendant Radii Footwear Incorporated, including without limitation: all deposit accounts maintained with any bank or financial institution; all inventory; all general intangibles; all documents or other receipts covering, evidencing or representing goods; all instruments; all chattel paper; all financial assets; all cash and other monies and property of defendant; all commercial tort claims; all investment property; all letter-of-credit rights; all letters of credit; all rights to payment for money or funds advanced or sold; all goods; all goodwill and trademarks of defendant; and all rights in any chose in action.

  j. The following property of defendant is inventory held for sale and may be transferred in the ordinary course of business: footwear designed by defendant for resale.

# ORDER

3. **THE COURT ORDERS**

    a.    Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.

    b.    Defendant shall not dispose of monies in any of its accounts in a financial institution or of the proceeds of any transfer of inventory held for sale except under the following restrictions:

        (1)    Defendant may pay any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business.

        (2)    Defendant may pay for goods delivered to Defendant C.O.D. for use in its business.

        (3)    Defendant may pay taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.

        (4)    Defendant may pay rent for any premises leased for the operation of its business and already occupied.

        (5)    Defendant may pay reasonable legal fees and reasonable costs and expenses required for its representation in this action.

    c.    This order will expire at the earliest of the following times:

        (1)    When plaintiff levies upon cash or property having a fair market value of $314,439.31; or

        (2)    After entry of final judgment.

Date: March 29, 2017

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

*TEMPORARY PROTECTIVE ORDER*